UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Luckenson Dorceant</u>

  v.            Civil No. 13-cv-353-JD
                Opinion No. 2014 DNH 251
<u>United States of America</u>


O R D E R

  Luckenson Dorceant, who is proceeding pro se, moves pursuant to 28 U.S.C. § 2255, to vacate his sentence, alleging ineffective assistance of counsel.[1]  Before he filed his amended motion to vacate sentence, Dorceant file three motions in which he seeks to obtain discovery by various means.  The government did not respond to the motions.

  Unlike ordinary civil cases, there is no right to discovery in habeas corpus proceedings. <u>Teti v. Bender</u>, 507 F.3d 50, 60 (1st Cir. 2007).  The court may authorize discovery based on a showing of good cause. <u>Lonchar v. Thomas</u>, 517 U.S. 314, 326 (1996) (citing Habeas Corpus Rule 6(a)).  Good cause to support discovery requires more than speculation, and instead the petitioner must show that "if the facts are fully developed, [the petitioner may] be able to demonstrate that he is entitled to relief." <u>Bracy v. Gramley</u>, 520 U.S. 899, 909 (1997); <u>see also</u> <u>Arthur v. Allen</u>, 459 F.3d 1310, 1311 (11th Cir. 2006).

---

[1] Counsel was appointed to represent Dorceant for purposes of this proceeding.  Dorceant, however, asked the court to dismiss counsel and to dismiss the complaint filed by appointed counsel.  Representation was terminated.

Dorceant was convicted on one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine and one count of conspiracy to import more than 500 grams cocaine.  He was sentenced to a prison term of 360 months.  Dorceant seeks relief under § 2255 based on theories of ineffective assistance of trial counsel:  (1) failure to introduce exculpatory evidence; (2) failure to advise Dorceant about plea negotiations; (3) failure to properly present Dorceant's request mid-trial for self representation; (4) failure to object to the prosecutor's closing argument; (5) failure to contest the sentencing factor that death resulted from the use of cocaine; and (6) failure to suppress evidence seized in Massachusetts.[2]

A.  Motion to Compel Statement

In his first motion, Dorceant asks the court to compel the government to provide him with "the authentic testimony of Dionaliz Rodriguez Brito."  Dorceant states that he "has reason to believe" that "Agent Puglise" altered a statement made by "Brito" and that the prosecutor knew of the alteration.  He

---

[2] Dorceant's crime involved importing cocaine into this country by having women ingest plastic bags of cocaine and then travel from the Dominican Republic to the United States.  One of the women employed in this manner, Mally Cruz Rodriguez died of an overdose when the cocaine escaped from the bags into her intestinal system.

asserts that the statement is necessary to show a <u>Brady</u> violation.

Dorceant does not raise a <u>Brady</u> claim in his motion to vacate his sentence. He makes no plausible link between the statement he seeks and the claims he raises. Further, Dorceant's unsupported speculation about an alteration is far from the good cause required to support a discovery request.

B.  <u>Motion to Compel Production of Documents</u>

Dorceant asks the court to compel the government to provide him with the search warrant issued for the controlled substances found in the body of Mally Rodriguez Cruz, for the chain of custody form, and for all police and investigation notes. Dorceant asserts that the information he seeks is necessary to show whether he was guilty or innocent and to support his claim of ineffective assistance of counsel.

Although evidence surrounding the drugs found in the body of Rodriguez Cruz may be related to Dorceant's sixth claim of ineffective assistance of counsel, he has not sufficiently articulated his theory to show good cause. Further, a habeas proceeding is not an opportunity to retry the criminal case in which Dorceant was found guilty.

C.   Motion for Funds to Hire a Private Investigator

Dorceant states he requires funds to hire a private investigator because he is indigent and those services are necessary "in order to substantiate his claim of ineffective assistance of counsel."[3]  Services, including investigative services, may be provided for an indigent criminal defendant but only on a showing that the requested services are necessary for adequate representation.  18 U.S.C. § 3000A(e)(1).  Even if § 3006A(e)(1) would apply in the context of a pro se habeas petitioner, Dorceant has not shown that the services he requests are necessary.  See Covarrubias v. Gower, 2014 WL 342548, at *2 (N.D. Cal. Jan. 28, 2014) ("Assuming arguendo that a financially eligible pro se habeas petitioner can have a private investigator appointed for him, he still must meet the substantive criteria for the authorization of funding.").

---

[3] Dorceant also states that he "is accused of committing an extremely serious crime."  Dorceant has been convicted of committing an extremely serious crime.

## Conclusion

For the foregoing reasons, the petitioner's motions to compel (documents nos. 40 and 43) and motion for funds (document no. 44) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 4, 2014

cc: Luckenson Dorceant, pro se
    Seth R. Aframe, Esq.