```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

<u>Luckenson Dorceant</u>

    v.                              Civil No. 13-cv-353-JD
                                                      Opinion No. 2015 DNH 22

<u>United States of America</u>


                           O R D E R

    Luckenson Dorceant, who is proceeding pro se, moves pursuant to 28 U.S.C. § 2255, to vacate his sentence, alleging ineffective assistance of counsel.  The government has filed an objection to the motion to vacate, and Dorceant filed an affidavit in further support of his motion to vacate.  Dorceant also filed a motion for funds to hire a an expert and a motion to stay this case pending the outcome of his motion filed in his criminal case pursuant to 18 U.S.C. § 3582.


A.  <u>Motion for Funds to Hire an Expert</u>

    Dorceant asks the court to allocate funds to hire an expert in cell phone communications.  Dorceant contends that evidence provided by a cell phone communications expert could show that a witness at his criminal trial, Dionaliz Rodriguez Brito, would not have been able to talk to him on his cell phone while he was in the Dominican Republic.  Dorceant asserts that Attorney Gleason should have challenged Brito's testimony about calling him from Massachusetts when he was in the Dominican Republic and that his failure to do so was ineffective assistance of counsel.

Dorceant's theory is that his cell phone had a Florida telephone number and operated on a plan that did not have coverage in the Dominican Republic. Based on that theory, Dorceant argues that Brito could not have talked to him, as she testified, and that Attorney Gleason should have impeached her testimony about the calls.

Contrary to Dorceant's theory, however, Brito testified that she called and talked to Dorceant on a cell phone that he used in the Dominican Republic. She identified the telephone number she called on a telephone record and testified that it was a Dominican Republic number. Therefore, Dorceant's theory about a Florida cell phone is contrary to the evidence at trial.

As has been explained to Dorceant previously, services may be provided for an indigent criminal defendant but only on a showing that the requested services are necessary for adequate representation. 18 U.S.C. § 3006A(e)(1). Dorceant is not a criminal defendant but, instead, seeks to vacate his sentence under § 2255. Even if § 3006A(e)(1) would apply in the context of a pro se habeas petitioner, Dorceant has not shown that the services he requests are necessary. The motion is denied.

B.  Motion to Stay

Dorceant filed two motions in his criminal case, United States v. Dorceant, 10-cr-047-JD, seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582. He now asks that this case, his § 2255 case, be stayed pending the outcome of his

§ 3582 motions in the criminal case.  The government objects to a stay, pointing out that the outcome of Dorceant's § 3582 motions will not affect this case.  Dorceant filed a reply in which he argued that because he is incarcerated a stay would not prejudice the government.[1]

Dorceant has not provided grounds to support a stay.[2]  The motion is denied.

## Conclusion

For the foregoing reasons, the plaintiff's motion for funds (document no. 58) and motion to stay (document no. 59) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 13, 2015

cc:  Luckenson Dorceant, pro se
     Seth R. Afram, Esq.

---

[1] Dorceant appears to misunderstand the government's objection to his motion to stay.  The government made no concessions in the objection.

[2] To the extent Dorceant also asked in the reply to be moved to a prison closer to Florida, that request is not properly before the court.  See LR 7.1(a)(1); Bonadonna v. Sabol, 2009 WL 4730989 (D. Mass. Dec. 8, 2009).